# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| WENDY J. JORDISON, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. C21-3002-LTS <br> (Crim. No. CR19-3009-LTS) <br><br> **MEMORANDUM** <br> **OPINION AND ORDER** |

## I.    INTRODUCTION

This matter is before me on Wendy J. Jordison's motion (Doc. 1) to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. Jordison alleges several ineffective assistance of counsel claims, including that her counsel failed to inform the court of her head injuries (Claim 1), failed to obtain a mental health evaluation and reports (Claim 2), failed to investigate 21 U.S.C. § 851 allegations prior to the plea agreement (Claim 3), failed to present her a proposed plea agreement in a timely manner and then did not explain it to her but did advise her that the § 851 "would be handled" (Claim 4), had a conflict of interest because of counsel's family member's alleged methamphetamine addiction and intimidated her with anger and impatience and "agreed in a letter to the prosecuting attorney that I was in agreement when in fact I sent two opposing letters with timelines" (Claim 5), and advised her that she would receive a significant reduction in sentence for cooperation but "I received nothing" (Claim 6). Doc. 3 at 6-7.

On initial review, I dismissed Claims 1 through 5, but directed Jordison's trial counsel, J.P. Greer, and the Government to respond to Claim 6. Greer filed an affidavit (Doc. 7), the Government filed a response (Doc. 11) and Jordison filed a reply (Doc. 13). I find that an evidentiary hearing is not required.

## II. BACKGROUND

On February 20, 2019, the grand jury returned an indictment (Crim. Doc. 1) charging Jordison with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851 (Count 1); two counts of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851 (Counts 2 and 3) and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 851 (Count 4). The indictment included notice that the Government would seek a sentencing enhancement under 18 U.S.C. § 851. The court appointed Greer to represent Jordison.

On June 13, 2019, Jordison appeared before Chief United States Magistrate Judge Kelly K.E. Mahoney and pleaded guilty to Counts 1 and 4 of the indictment pursuant to a written plea agreement. Crim. Docs. 23, 24, 25. Jordison faced a mandatory minimum sentence of 15 years' imprisonment, with a maximum of life, on both counts. Crim. Doc. 24. As explained on initial review, Jordison's sentencing was spread out over three hearings to deal with the issue of whether her imprisonment for the 2000 conviction fell within 15 years of the commencement of the present offense, and thus could serve as a predicate conviction for purposes of the § 851 enhancement. Ultimately, I concluded that the Government had proved that Jordison served time in prison for the 2000 conviction within 15 years of the commencement of the present offense. Crim. Doc. 62 at 5-8. Therefore, the conviction qualified for the § 851 enhancement and the 15-year mandatory statutory minimum applied under 21 U.S.C. § 841(b)(1)(A). Noting Jordison's guideline range was 188 to 235 months, I sentenced her to the mandatory minimum sentence of 180 months' imprisonment and 10 years of supervised release. Crim. Docs. 52, 53, 62 at 13-14.

Jordison filed her notice of appeal on March 13, 2020. The Eighth Circuit granted her motion to dismiss the appeal on April 21, 2020. Crim. Docs. 54, 67. She signed and mailed her § 2255 motion on December 29, 2020.

2

### III.    LEGAL STANDARD

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. *See* 28 U.S.C. § 2255(a). To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or [that the judgment or sentence] is otherwise subject to collateral attack.

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255). If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

When enacting § 2255, Congress "intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citation omitted). Section 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *Id.* (citation omitted). Rather:

> Relief under [§ 2255] is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.

*United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted); *see also Sun Bear*, 644 F.3d at 704 ("[T]he permissible scope of a § 2255 collateral attack . . . is severely limited[.]"). A collateral challenge under § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."). Consequently, "an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (citation omitted).

"Evidentiary hearings on [§ 2255] motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition *if a factual dispute exists*."

3

*Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (emphasis added). "The district court is not permitted to make a credibility determination on the affidavits alone." *Id.* at 1206; *see also United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("[The] district court abused its discretion when it credited the attorney's affidavit over the petitioners without first holding an evidentiary hearing."). However, no hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *See New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011) (citation omitted).

## IV. DISCUSSION

Jordison states Greer told her she would "receive Rule 35 for cooperation and that [she] would be given significant reduction in sentence [and] could expect 6-7 years" but that she "received nothing." Doc. 1 at 4. In his affidavit, Greer explains that his records show he met with Jordison on May 23, 2019, at the Dakota County Jail in Dakota City, Nebraska, for 2.4 hours, during which time they reviewed the Government's plea agreement. After having read and initialed each paragraph, Jordison signed the agreement, as did Greer. Greer states that this plea agreement was consistent with other plea agreements he has reviewed since he began practicing on the federal Criminal Justice Act panel since 2002 in that it did not contain a promise by the Government to make a substantial assistance motion under Federal Rule of Criminal Procedure 35. Rather, the plea agreement provides: "The United States may, but shall not be required to, make a motion pursuant to 18 U.S.C. § 3553(e) allowing the Court to depart below the mandatory minimum sentence required by statute for any offense to which defendant has agreed to plead guilty in the event defendant provides 'substantial assistance.'" Crim. Doc. 25 at 10. The agreement also explains that this decision "shall be in the sole discretion of the United States Attorney's Office and will be made independently with respect to each applicable count to which defendant has agreed to plead guilty." *Id.*

The agreement also explains this is different than a motion for "substantial assistance" under § 5K1.1 of the Sentencing Guidelines, but that this decision too, shall be in the sole discretion of the United States Attorney's Office. *Id.* The agreement emphasizes: "The United States has made <u>no promise</u>, implied or otherwise, that a departure motion will be made or that defendant will be granted a departure for 'substantial assistance'" and that "<u>no promise</u> has been made that a motion will be made for departure even if defendant complies with the terms of this agreement in all respects, but has not, in the assessment of the United States Attorney's Office, provided 'substantial assistance.'" *Id.* (emphases in original). Jordison initialed each paragraph in her plea agreement to acknowledge she had read, fully understood and agreed to those paragraphs. *Id.* at 18.

Greer states he did not tell Jordison that she would receive a substantial assistance motion. Doc. 7 at 3. He notes that in light of the Government's evidence against Jordison, she likely would have been found guilty had she gone to trial. *Id.* She would have lost the benefit of accepting responsibility and thus would have faced a considerably-higher guideline range of 262 to 327 months. *Id.* Greer notes that Jordison took his advice to plead guilty and cooperate with the Government in an effort to receive a substantial assistance motion. *Id.* Jordison submitted to a proffer interview but ultimately was not able to provide much information regarding her source of supply. *Id.* Thus, she did not receive a substantial assistance motion at sentencing. *Id.* at 4. Greer advised her that it was possible a motion could be made in the future if law enforcement found her source of supply. *Id.*

The Government argues Jordison has not offered any evidence in support of her claim. Her plea agreement clearly states that no promises were made concerning a reduction in sentence for Jordison's cooperation. As a result of her guilty plea, her guideline range was significantly less than it would have been had she gone to trial. The Government cites Greer's affidavit for his statement that he did not tell Jordison she would receive a substantial assistance motion and agrees that Jordison was unable to

5

provide information that would be useful to the Government to prosecute her source of methamphetamine.

Because Jordison cannot show that her counsel promised her a reduction in sentence for cooperation, or that the Government made such a promise, the Government argues her claim fails. In her reply, Jordison disputes that Greer spent 2.4 hours with her going over the plea agreement, stating that he gave it to her to review by herself for 30 minutes. Jordison asserts that recorded calls from the jail where she was housed would reveal that Greer told her she would receive a significant reduction in sentence and that he specifically discussed a Rule 35 motion with her. Doc. 13.

To establish a claim for ineffective assistance of counsel, a movant must prove that his attorney's representation "was 'deficient' and that the 'deficient performance prejudiced the defense.'" *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Deficient performance is performance that falls "below an objective standard of reasonableness," *Lafler v. Cooper*, 566 U.S. 158, 163 (2012) (citation omitted), meaning conduct that fails to conform to the degree of skill, care and diligence of a reasonably competent attorney. *Strickland*, 466 U.S. at 687. Matters of trial strategy are generally entrusted to the professional discretion of counsel and they are "virtually unchallengeable" in § 2255 proceedings. *Loefer v. United States*, 604 F.3d 1028, 1030 (8th Cir. 2010).

To establish prejudice, a movant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler*, 566 U.S. at 163 (citation omitted). "Reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. That requires a "substantial," not just "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S. 86, 112 (2011). Ultimately, a showing of prejudice requires counsel's errors to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 104 (citation omitted). Because a movant must show both deficient performance and prejudicial effect, a court reviewing ineffective

6

assistance claims need only address one prong if either fails. *See Williams v. United States*, 452 F.3d 1009, 1014 (8th Cir. 2006).

Jordison has failed to demonstrate either deficient performance or prejudice. With regard to deficient performance, Jordison's claim that Greer told her she would receive a Rule 35 motion, and could expect a significant reduction in sentence such that she would serve six to seven years, is not supported by any evidence. Indeed, all evidence suggests she knew and understood this was a mere possibility, not a guarantee. Aside from Greer's affidavit stating that he never told Jordison she would get a substantial assistance motion, the plea agreement and Jordison's statements at the plea hearing demonstrate her understanding that a substantial assistance motion was not guaranteed. Her plea agreement contains seven paragraphs related to Potential for Departure or Credit. Crim. Doc. 25 at 10-11. These paragraphs, which Jordison initialed confirming her understanding, explain that whether the Government makes a motion pursuant to § 5K1.1 or under 18 U.S.C. § 3553(e) for "substantial assistance" is in the "sole discretion" of the United States Attorney's Office. *Id.* They also explain that a motion will not be made unless defendant's cooperation is deemed "substantial" by the United States Attorney's Office and the United States was making <u>no promise</u> that such a motion would be made even if the defendant had otherwise complied with all the terms of the plea agreement. *Id.* It listed factors the Government would consider in deciding whether to make a motion and explained that even if the Government made the motion, the court still had to decide whether to grant it. *Id.*

During the plea hearing, Judge Mahoney informed Jordison that she could not receive a sentence of less than 15 years in prison unless she cooperated with the Government and the Government decided she helped one of its investigations or prosecutions and filed a motion. Crim. Doc. 64 at 14-15. She explained that even if this happened, it would still be up to the judge to decide whether to grant the motion. *Id.* at 15. Later in the hearing, Jordison swore under oath that no one had made her any promises to get her to plead guilty including promises regarding what her sentence would

be.[1] She also confirmed that she had plenty of time to review the plea agreement with her attorney. *Id.* at 9, 21.

Jordison insists that recorded phone calls from the Dakota County Jail from approximately March/April 2019 through January 2020 will support her claim. However, the only details she provides for these phone calls are that Greer told her that "she will receive a significant reduction in sentence" and that he specifically "discusse[d] a rule 35 with Ms. Jordison." Doc. 13. He also "repeatedly told Ms. Jordison that she would receive a significant reduction in sentence for cooperation." *Id.* Even if these statements are true, they do not show that counsel's performance fell below an objective standard of reasonableness, as Jordison does not state that Greer promised her the Government would make a motion for "substantial assistance." Given the higher guideline range she could have faced in the absence of the plea agreement, it was not inaccurate to say that Jordison's cooperation and guilty plea would result in a significant reduction in her sentence.

While Jordison states that Greer discussed a Rule 35 motion with her, she does not allege with any specificity that he promised her the Government would make such a motion, or that the court would grant it. Such an allegation would be in direct contradiction to her plea agreement. Any other allegation by Jordison is simply that, an

---

[1]  Q: Miss Jordison, has anybody forced or pressured you to plead guilty here today?
   A: No, Your Honor.
   Q: Has anybody made promises to you to get you to plead guilty other than the written plea agreement promises made by the government?
   A: No, Your Honor.
   Q: Has anybody promised you for sure what your sentence will be?
   A: No, Your Honor.
   Q: And has anybody promised you for sure you'll receive a sentence below the mandatory minimum?
   A: No, Your Honor.

Crim. Doc. 64 at 32.

allegation, without any supporting evidence from which I could conclude that counsel's performance was deficient.

Based on Jordison's own sworn testimony, the record is clear that she was not pressured to plead guilty based on a promise by counsel that she would receive a six or seven-year sentence. While counsel may have advised her that she would face a lesser guideline range if she pleaded guilty and would be eligible for a substantial assistance motion if she cooperated, nothing suggests that Jordison signed the plea agreement and entered a guilty plea with any reasonable expectation that she would receive any particular reduction or sentence below the 15-year mandatory minimum. The plea agreement and the court's colloquy indicate that Jordison understood the sentence she received may be different than what her attorney predicated. *See Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) ("A defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceeding.") (internal quotation marks omitted); *United States v. Lemaster*, 403 F.3d 215, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."); *Cook v. United States*, 310 F. App'x 932, 934 (8th Cir.2009) (rejecting ineffective assistance of counsel claim based on counsel telling defendant he would receive sentence below the mandatory minimum if he signed plea agreement because defendant "was aware he was subject to a mandatory minimum sentence and that filing a substantial assistance motion, which he knew was the only basis to receive a sentence below the mandatory minimum, was solely within the discretion of the government" and the record did not support that counsel had ever made such a promise to defendant).

Even if Greer predicted that a substantial assistance motion could reduce Jordison's sentence to six or seven years, she was not prejudiced because she knew the sentence could be different and depended on a motion from the Government – and the court's –

9

acceptance of such a motion. The record does not support Jordison's claim that she was pressured to plead guilty by any representations or estimations by counsel of what her sentence might be if she pleaded guilty and cooperated. For these reasons, her claim of ineffective assistance of counsel fails.

## V. CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review by the court of appeals for the circuit in which the proceeding is held. 28 U.S.C. § 2253(a). However, unless a circuit judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under § 2253(c) and Federal Rule of Appellate Procedure 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Miller-El*, 537 U.S. at 335–36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a motion is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, I find that Jordison failed to make the requisite "substantial showing" with respect to any of the claims raised in her § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Thus, a certificate of appealability will not issue. If she desires further review of her § 2255 motion, Jordison may request issuance of the certificate of appealability by a judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520–22.

## VI.  CONCLUSION

For the reasons stated herein, Jordison's motion (Doc. 1) for relief under 28 U.S.C. § 2255 is **denied** as to all claims and this action is **dismissed with prejudice**. A certificate of appealability shall not issue.

**IT IS SO ORDERED.**

**DATED** this 13th day of September, 2023.

_____
Leonard T. Strand, Chief Judge